FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SANDRA MARIE M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:18-CV-00353-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. *See* Administrative Record ("AR") at 1-6, 10-20. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS**

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 1

Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## I.     JURISDICTION

Plaintiff filed her application for Supplemental Security Income on May 1, 2015. AR 10. She alleged a disability onset date of October 12, 2010. *Id*. Plaintiff's application was initially denied on December 8, 2015, and her request for reconsideration was denied on March 7, 2016. *Id*.

Administrative Law Judge ("ALJ") Jesse K. Shumway held a hearing on March 29, 2017 and heard testimony from Plaintiff and vocational expert Diane Kramer. AR 44-68. On April 21, 2017, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. AR 10-20. The Appeals Council denied Plaintiff's request for review on September 20, 2018. AR 1-6. Plaintiff sought judicial review by this Court on November 13, 2018. ECF No. 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.     SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in her previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III.    STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

1 reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115.

The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.     STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 41 years old on the date of the alleged disability onset. She has at least a high school education and is able to communicate in English. Plaintiff has past relevant work as a telephone solicitor.

## V.     THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act at any time from May 1, 2015, the date Plaintiff's application was filed, through April 21, 2017, the date the ALJ issued his decision. AR 10-20.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 1, 2015, the application date. (citing 20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*). AR 13.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: obesity; seizure disorder; major depressive disorder; anxiety disorder; dependent personality disorder (citing 20 C.F.R. § 416.920(c)). *Id.*

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed

impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (citing 20 C.F.R. §§§ 416.920(d), 416.925, and 416.926. *Id*.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416. 967(b), with the following exceptions: she can perform occasional postural activities; she can never climb ladders, ropes, or scaffolds; she should not be exposed to hazards; she can perform up to semi-skilled tasks; and can have superficial contact with the general public. AR 15.

The ALJ further determined that Plaintiff is capable of performing past relevant work as a telephone solicitor because such work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity (citing 20 C.F.R. § 416.965). AR 19.

## VI.  ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, she argues the ALJ reversibly erred by: (1) improperly discrediting Plaintiff's symptom claims; and (2) improperly weighing the medical opinion evidence. No. 11 at 12.

## VII.  DISCUSSION

**A. Additional Evidence Submitted to the Appeals Council.**

As an initial matter, the Court will address the additional evidence submitted to

the Appeals Council. Following the most recent ALJ determination finding Plaintiff ineligible for disability benefits, Plaintiff filed a request for review and submitted, for the first time, a seizure calendar and a medical opinion by treating physician Dr. Daniel Stoop AR 28-29 and 30-43. Plaintiff asserts that these documents are evidence of "changed circumstance" since the claim's denial in September 2012. ECF No. 14 at 2. However, she incorrectly argues that the ALJ erred in not determining that such evidence showed a change in circumstance significant enough to overcome the presumption of disability from Plaintiff's previous application. *Id*. at 14. The ALJ did not review this evidence, as it was submitted to the Appeals Council after the ALJ had issued her decision.

As noted above, the Appeals Council denied Plaintiff's request for review on September 20, 2018. AR 1-5. In denying Plaintiff's request for review, the Appeals Council addressed Plaintiff's additional evidence by stating: "We find this evidence does not show a reasonable probability that it would change the outcome of this decision. We did not exhibit this evidence." AR 2. Thus, the ALJ never received or considered Dr. Stoops opinion, nor Plaintiff's seizure calendar.

While the Court may review the final decisions of the Commissioner of Social Security, 42 U.S.C. § 405(g), the Court does "not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action."

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 7

*Brewes v. Comm'r of Soc. Sec. Admin,* 682 F.3d 1157, 1161 (9th Cir. 2012). However, while a court cannot reverse such an Appeals Council's denial of review, it can review whether the Appeals Council improperly failed to consider additional evidence. *Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1231 (9th Cir. 2011). Further, "where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Id.* at 1233.

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence when it relates to the period on or before the date of the ALJ's decision and there is a reasonable probability that it would change the outcome of the decision. 20 C.F.R. § 404.970(b) (2017). Where the Appeals Council improperly declines to consider the additional evidence and does not admit it to the record, a reviewing court may remand pursuant to sentence four of 42 U.S.C. § 405(g).

Here, the Appeals Council did not consider the evidence, as it found that it did not show a reasonable probability that it would change the outcome of the ALJ's decision. AR 2. Further, the Appeals Council did not discuss what Plaintiff's treating physician, Dr. Stoop, opined and the potential impact of this opinion. AR 1-5. When a treating doctor's opinion is not contradicted by another doctor, it may only be rejected for clear and convincing reasons. *Lester v. Chater, 81 F.3d 821,*

1  *830 (9th Cir. 1995).* If a treating doctor's opinion is contradicted by another
2  doctor, it may only be rejected for "specific and legitimate reasons supported by
3  substantial evidence in the record for so doing." *Id*. Thus, Dr. Stoop's opinion
4  should have been discussed and the decision to reject his opinion should have been
5  supported by reasoning.

6  In his opinion, Dr. Stoop opined that Plaintiff has been diagnosed with
7  pseudoseizures, depression, bi-polar disorder with anxiety attack, migraine
8  headaches, obesity, PTSD and fibromyalgia. AR 28-29. Dr. Stoop further opined
9  that although Plaintiff has not been diagnosed with epilepsy, her medical care
10 would be equal to that of convulsive type epileptic seizures and recommends using
11 the precautions as suggested for epileptic petit mal or focal seizures. *Id*. Dr. Stoop
12 concluded that Plaintiff's seizures, as well as her other medical problems, preclude
13 her from any type of gainful employment. *Id*.

14 Thus, there is a reasonable probability that the new evidence submitted by
15 Plaintiff on appeal, would change the outcome of the ALJ's decision. Dr. Stoop's
16 opinion would affect the ALJ's presumption of non-disability and the remaining
17 evidence of record, including the other medical opinion evidence, Plaintiff's
18 subjective complaint testimony, and the limiting effects of Plaintiff's impairment.

19 Where there has been a final agency determination of non-disability and the
20 claimant files a new application, the prior administrative decision creates a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 9**

presumption of non-disability. *Chavez v. Brown*, 844 F.2d 691, 693 (9th Cir. 1988). To overcome this presumption, the claimant must prove "changed circumstances" indicating greater disability. *Id.* Even where the claimant is able to overcome the presumption of non-disability, the Commissioner's prior determinations of residual functional capacity, education, and work experience are entitled to res judicata absent new and material evidence on the issue. *Id.* at 694.

Here, the ALJ found that changes to the mental and neurological listings rebutted the presumption of non-disability at step three of the sequential evaluation process. AR 10. However, the ALJ also found that Plaintiff did not present new or material evidence that demonstrated a change in her severe impairments, functional capacity, or her ability to perform past relevant work. AR 10-11. As such, the ALJ adopted the prior ALJ's findings with respect to those issues. AR 11 and 19.

This new and material opinion-evidence from a treating provider, that was not discussed by the Appeals Council, undermines the ALJ's presumption of non-disability at steps two, four, and five of the process. Thus, it is error for Dr. Stoop's opinion to not receive consideration. "[A] reviewing court cannot consider [] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). However,

1  the extent of the effect of Dr. Stoop's opinion is not immediately clear; therefore,
2  further administrative proceedings are necessary.

3  As this new and material evidence, that could potentially rebut the ALJ's presumption of continuing disability and negatively impact the ALJ's decision, has not been properly considered, remand to the ALJ for further consideration is in order. Further proceedings will allow the Commissioner to reconsider its decision in light of Plaintiff's additional medical opinion and calendar evidence. On remand, the ALJ must account for Dr. Stoop's report and Plaintiff's seizure calendar as part of the five-step sequential process.

**B. Remand is Appropriate.**

As the Court finds that remand for additional findings is appropriate, the Court need not address Plaintiff's additional allegations of error. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record. *See* ECF No. 14 at 9.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 11

Upon remand, the ALJ will issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will consider Dr. Stoop's opinion as well as Plaintiff's seizure calendar, and if necessary, further develop the record, reevaluate the medical opinion evidence, obtain supplemental evidence from a vocational expert, and re-evaluate the claimant's credibility. The ALJ shall recalculate the presumption of non-disability, the residual functional capacity, considering all impairments, and then evaluate, based on this updated residual functional capacity, Plaintiff's ability to perform past relevant work, as well as work available in the national economy.

## VIII. CONCLUSION

Having reviewed the record, the Court finds that the Appeals Council erred by not considering and including new and material evidence that would change the outcome of the ALJ's decision. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **DENIED.**

3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

///

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

4. Judgment shall be entered in favor of Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 15th day of June, 2020.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge